IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES E. TEMPLETON,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:13-6577

MISTY BENNETT, Administrator
of Prime Care Medical Inc.; and
LARRY CRAWFORD, Administrator
of the Western Regional Jail,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action brought pursuant to 42 U.S.C. § 1983 was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the Court grant Defendant Misty Bennett's Motion to Dismiss or in the alternative, Motion for Summary Judgment (ECF No. 17); grant Defendant Larry Crawford's Motion to Dismiss (ECF No. 36); and dismiss Plaintiff James E. Templeton's Complaint with prejudice and remove this action from the docket of the Court. Plaintiff, acting *pro se*, objects to some of the findings and recommendations. Upon *de novo* review of those parts of the Findings and Recommendations to which Plaintiff objects, the Court denies the objections.

Plaintiff suffers from a 3/4–inch difference in length between his right and left legs and end-stage avascular necrosis of his right hip.[1] While temporarily held at the Western Regional Jail (WRJ), Plaintiff claims he was denied a heel lift to compensate for the disparity in his legs. Plaintiff also alleges that medical personnel at the facility failed to prescribe him appropriate medication for his chronic pain and failed to classify his hip condition as a "chronic care" case, which would allow him to receive medical care without charge.

In the Proposed Findings and Recommendations, the Magistrate Judge determined that Plaintiff's claim for money damages against Defendant Crawford should be dismissed because Defendant Crawford is entitled to immunity from money damages under the Eleventh Amendment.[2] The Magistrate Judge also found Plaintiff's claim that his hip condition should have been deemed a "chronic care" case is moot because he no longer is being housed at the WRJ and he failed to establish the post-transfer viability of his claim and entitlement to prospective injunctive relief under the *Ex Parte Young* exception.[3]

The Magistrate Judge further recommended Defendant Bennett's summary judgment motion be granted because Plaintiff's claims do not rise to the level of Eleventh Amendment violations. Significantly, the Magistrate Judge noted that Plaintiff's complaint focuses on the failure of the WRJ to supply him with a shoe lift, not the treatment of his avascular

---

[1] Plaintiff also suffers from hypertension and diabetes, but those conditions are not at issue in this case.

[2] Plaintiff does not raise any objection with respect to Defendant Crawford being immune from a claim for money damages.

[3] *Ex Parte Young*, 209 U.S. 123 (1908).

necrosis.[4]  Although the Magistrate Judge cited a number of authorities finding a disparity in limb length is not a serious medical condition to support a claim under the Eighth Amendment, even if it is so considered, the Magistrate Judge thoroughly reviewed the evidence and found Plaintiff failed to show deliberate indifference on the part of any prison official to Plaintiff's medical concerns. Specifically, the Magistrate Judge noted "there is no evidence to suggest that the defendants knew or appreciated that the lack of a shoe lift would pose an excessive risk to Templeton's health or safety." *Proposed Findings and Recommendations*, at 18 (footnote omitted).  In addition, the Magistrate Judge found the medical staff responded to Plaintiff's request for pain relievers and increased the dosage as his pain increased.  In fact, officials even permitted Plaintiff's mother to provide him a joint supplement, Osteo Bi-Flex, which was not on the jail's formulary.  The evidence further indicated that Plaintiff did not establish the medical necessity of a shoe lift until July 2013, when he presented a letter from his chiropractor.  Thereafter, the jail approved the purchase of a lift, but Plaintiff was transferred to another facility before it could be received. Plaintiff states he is being provided a shoe lift at his current facility and is being provided Mobic®, a Nonsteroidal anti-inflamatory drug.[5]

        Plaintiff objects to the Findings and Recommendations because he believes Defendant Bennett treated him with deliberate indifference as common sense would suggest the lack of a heel lift would cause him undue stress and pain and accelerate damage to his right hip. He also states he gave Defendant Bennett the names of his doctors and gave her permission to

---

[4] Plaintiff's avascular necrosis ultimately will require him to undergo a hip replacement, but he does not want a hip replacement at this time.

[5] Plaintiff states he was told Mobic® was not available at the WRJ.

contact them about his need for a lift. He believes Defendant Bennett either neglected to contact his doctors or withheld the information she received.

Upon review, however, the Court finds Plaintiff's beliefs about Defendant Bennett's actions are mere speculation and insufficient to support his claim. In addition, the Court agrees with the Magistrate Judge that there is no evidence to support Plaintiff's claim Defendant Bennett knew or should have known "the lack of a shoe lift would pose an excessive risk to Templeton's health or safety." *Id*. Indeed, Plaintiff did not even demonstrate the need for a lift until July 2013 and, after he did so, the WRJ approved the purchase. Contrary to Plaintiff's argument, it was not Defendant Bennett's obligation to demonstrate the medical necessity of the lift. Therefore, the Court **DENIES** Plaintiff's objections in these regards.

Plaintiff also complains that he should have received different and stronger medication at the WRJ. However, the evidence shows that as Plaintiff reported increased pain, the WRJ modified his medication. Although he did not receive Mobic® at the WRJ, he states he is receiving it at his current facility. As recognized by the Magistrate Judge, Plaintiff has no right to receive the drugs of his choice under the Eighth Amendment. *Id*. Thus, the fact he did not receive Mobic® or any other drug of his choice at the WRJ does not support an Eighth Amendment claim.

Finally, the Magistrate Judge also found Plaintiff failed to state a claim under § 1983 with respect to his assertion that the WRJ charged him for treating his hip and back pain. Plaintiff does not allege he was denied care because of an inability to pay, merely that he should

not have had to pay. As noted by the Magistrate Judge, the mere fact Plaintiff was charged a co-pay is a matter of state law and does not give rise to a § 1983 action. *Id*. at 22. Moreover, the Magistrate Judge found Plaintiff failed to exhaust his administrative remedies with respect to this claim, and it, therefore, should be dismissed for that reason as well.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's objections (ECF No. 61), **ADOPTS AND INCORPORATES** herein the Findings and Recommendations of the Magistrate Judge (ECF No. 59), **GRANTS** Defendant Bennett's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 17), **GRANTS** Defendant Crawford's Motion to Dismiss (ECF No. 36), and **DISMISSES** this action **WITH PREJUDICE** from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

    ENTER:    January 24, 2014

    _____
    ROBERT C. CHAMBERS, CHIEF JUDGE